# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GARRY CLEVE KRAFT, ) | |
| #263478, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 16-0585-KD-N |
| ) | |
| KENNETH PETERS, ) | |
|     Respondent. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner Garry Cleve Kraft ("Petitioner"), an Alabama prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The Court has referred the petition to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* S.D. Ala. GenLR 72(b); (11/28/2016 and 01/09/2017 electronic references).

On October 19, 2017, the undersigned issued a Report and Recommendation recommending that this matter be dismissed as time barred. (Doc. 18). Petitioner filed an objection to the Report and Recommendation, arguing that he is entitled to equitable tolling, which has been referred to the undersigned for evaluation. (Doc. 19). As grounds, Petitioner states that he has shown extraordinary circumstances

and due diligence based on the arguments made in briefing in his Alabama Rule of Criminal Procedure 32 petition. (Doc. 19).

## I. ANALYSIS

Petitioner's conviction became final on September 2, 2009. Under § 2244(d)(1), Petitioner had until September 2, 2010 to file a timely § 2254 petition. On August 5, 2010, three hundred and thirty-seven days into the limitations period, Petitioner filed his first Rule 32 petition. Thus, his § 2254 limitations period was tolled from August 5, 2010 to March 23, 2011, when the Alabama Court of Criminal Appeals issued a Certificate of Judgment on his first Rule 32 petition. At that point, he had twenty eight days left in the one year AEDPA limitations period.[1] In order to be timely under § 2244, his § 2254 should have been filed by April 20, 2011. Petitioner did not file the instant petition until November 9, 2016. Thus, Petitioner's motion is untimely pursuant to § 2244(d). However, through his objection to the October 5, 2017 Report and Recommendation, Petitioner has raised an equitable tolling argument. As grounds, he "adopts" arguments he put forward in the briefing filed in support of the application of equitable tolling to his second Rule 32 petition. (Doc. 19). That petition was filed in June 2014, over three years beyond Petitioner's § 2254 limitations period, but details alleged attorney misconduct in 2011-2012. The state court rejected Petitioner's arguments, and denied Petitioner's second Rule 32 petition as untimely.

---

[1] This timeline of events surrounding Petitioner's state court proceedings is discussed in more detail in the October 5, 2017 Report and Recommendation. (Doc. 18, at 4-5).

2

Now, years later, in his § 2254 proceeding, it appears Petitioner wishes to raise an equitable tolling argument and to rely on the arguments presented in the briefing in his second Rule 32 proceeding. (Doc. 12-14 at 19-59).[2] The Court has reviewed the briefing cited by Petitioner. The adopted arguments Petitioner makes in favor of equitable tolling of the § 2254 limitations period are, in sum, that he encountered difficulty obtaining legal counsel to assist him in filing his Rule 32 petition, and that he had to file his Rule 32 petition *pro se*.

A.  **Petitioner Has Not Established Extraordinary Circumstances**

The Eleventh Circuit has stated:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Eleventh Circuit has also held:

> [M]ere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11thCir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11thCir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. *See Helton*, 259 F.3d at 1313.

*Powe v. Culliver*, 205 F. App'x. 729, 732 (11th Cir. 2006). As a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the

---

[2] Petitioner cites to "Section VI adopted brief, pages 21-67" which corresponds with the cited portion of Doc. 12-14.

3

circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Secretary of Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

The instant § 2254 petition was filed five years beyond the statute of limitations. All of Petitioner's arguments in favor of equitable tolling relate to the late filing of his second Rule 32 petition, which was first filed three years beyond the § 2254 limitations period. "While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired." *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003)(internal quotations omitted). When Petitioner's limitations period began after the conclusion of statutory tolling related to his first Rule 32 petition, only 28 days of the limitation period remained. Thus, the relevant time period in which the existence of extraordinary circumstances is to be evaluated is from March 24, 2011 to April 20, 2011. Petitioner's "adopted" arguments include a time line of event spanning from September 8, 2009 to June 25, 2012 in which Petitioner explains difficulties faced obtaining counsel to represent him in the appeal of the denial his first Rule 32 petition. (Doc. 12-19 at 35-37).

4

To the extent that Petitioner contends that his attorneys were negligent in the efforts to represent him or that they failed to represent him, "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling." *Cadet v. Fla. Dep't of Corr.,* 742 F.3d 473, 481 (11th Cir. 2014)(internal citation omitted). The Eleventh Circuit has stated that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States,* 485 F.3d 1273, 1282 n. 4 (11th Cir.2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion. *See Rivers v. United States,* 416 F.3d 1319, 1323 (11th Cir.2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness") (quoting *Johnson v. United States,* 544 U.S. 295, 311, (2005)).

Further, the Eleventh Circuit requires a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir.2005). Any alleged failures related to Petitioner's difficulties with counsel were related to the filing of the second Rule 32 petition. Petitioner has not shown how these failures prevented him from timely filing his § 2254 petition, nor has he detailed any efforts to file a § 2254 petition, or to obtain representation related to the filing of a § 2254.

5

### B. Petitioner Has Not Shown Due Diligence

"[E]quitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence." *Diaz v. Sec'y for Dep't of Corr.,* 362 F.3d 698, 702 (11th Cir.2004). The diligence required is "reasonable diligence, not maximum feasible diligence." *San Martin,* 633 F.3d at 1267 (internal quotation marks omitted). The petitioner has the burden of proving that circumstances justify applying the equitable-tolling doctrine. *Spears v. Warden*, 605 F. App'x. 900, 903 (11th Cir. 2015), *cert. denied sub nom. Spears v. Tatum*, 136 S. Ct. 300 (2015).

Petitioner has not met his burden with regard to due diligence. There is no indication in the record that Petitioner made any attempt to pursue a § 2254 petition before November 22, 2016. Again, the difficulties with counsel cited by Petitioner span from September 8, 2009 to June 25, 2012, and pertain to his second Rule 32 proceeding, which concluded in June 2016. Petitioner has now shown that he engaged in any efforts, let alone diligent efforts, to pursue a § 2254 petition during the relevant time frames.

### C. Recommendation

Upon consideration, the undersigned concludes that Petitioner has not met his burden by showing the presence of both extraordinary circumstances and due diligence such that he is entitled to equitable tolling. Therefore, the undersigned **RECOMMENDS** that the district court determine that Petitioner is not entitled to equitable tolling and that Petitioner's § 2254 motion be **DISMISSED** as time barred as discussed in the October 5, 2017 Report and Recommendation.

## II.  CERTIFICATE OF APPEALABILITY

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C.A. § 2253(c)(1)(A).

"A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' "  *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).  "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted).  However, "a COA does not require a showing that the appeal will succeed."  *Id.* at 337.  Where, as here, habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

7

Upon consideration, the undersigned finds that Petitioner should be **DENIED** a Certificate of Appealability as to the present habeas petition. The undersigned finds that reasonable jurists would not find it debatable whether the Court was correct in dismissing Petitioner's petition as time-barred under § 2244(d)(1)(A).

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[3]

### III. APPEAL *IN FORMA PAUPERIS*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the

---

[3] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Petitioner in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[4]

---

[4] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

9

## IV. CONCLUSION

In accordance with the foregoing analysis, it is **RECOMMENDED** that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED with prejudice** as time-barred, that final judgment be entered accordingly in favor of the Respondent, and that the Court find Petitoner is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

## V. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for

the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **19th** day of **December 2017**.

                                */s/ Katherine P. Nelson*
                                **KATHERINE P. NELSON**
                                **UNITED STATES MAGISTRATE JUDGE**